## SUPREME COURT.

### SALES agt. WOODIN.

A judge at Chambers has no power to grant a series of 20 day orders, *ex parte*, staying proceedings.

. An order to stay proceedings, to render it effectual, must be accompanied by a notice of motion. An order to stay proceedings for a given number of days is never proper. It should always be limited by the time when the party can make application for the relief he seeks.

*At Chambers, March* 22, 1853. *Motion for order to stay proceedings twenty days.* The action having been tried at the circuit, and a verdict rendered for the plaintiff, a motion for a new trial was made, at the Saratoga Special Term, and on the 25th of January, the motion was denied. In the order entered upon denying the motion, a provision was inserted that the plaintiff's proceedings should be stayed twenty days. On the 7th of February, the defendant appealed from the order to the general term. The appeal has not yet been heard. On the 11th of February, the defendant's attorney applied to a judge and obtained an order " that the plaintiff's proceedings be stayed twenty days." On the 2d of March the defendant's attorney obtained another order staying proceedings twenty days. The defendant again made application for an order staying the plaintiff's proceedings twenty days longer. All the applications were made without notice.

G. W. KIRTLAND. *for motion.*

HARRIS, J.—It is provided by law, that " no order to stay proceedings for a *longer time* than twenty days, shall be granted by a judge out of court, except upon previous notice to the adverse party." Here, proceedings have already been stayed

forty days, by orders made without notice to the adverse party, and the application is for a further stay of twenty days. Such practice is a clear violation of the *spirit*, if not *the letter*, of the provision to which I have referred. The obvious intention of the legislature was, that the power of a judge to arrest the proceedings of a party, by an *ex parte* order, should be limited to twenty days. To effect a stay for a longer time, by a series of orders, each by itself, within the statutory limit, but in the aggregate, exceeding that limit, is but an *evasion* of the statute. It is but an attempt to accomplish indirectly, what could not be done directly. The evil, against which the legislature intended to provide, by thus restricting the power of the judge in granting an *ex parte* order, is increased rather than diminished by sanctioning such a course of proceeding. The plaintiff's attorney would have been justified in disregarding each of these twenty day orders; certainly the last one, for, in granting it, the judge must be held to have exceeded the jurisdiction conferred upon him by law.

These orders were void for another reason. It is a well settled and long established rule that an order to stay proceedings, in order to render it effectual, must be accompanied with notice of a motion. Roosevelt agt. Fulton, (5 *Cowen*, 438; *Graham's Pr.* 680;) Schenck agt. McKie, (4 *Howard*, 246.) The order, as was said in Chubbuck agt. Morrison, (6 *Howard*, 367,) is only a means to an end. The end to be attained by the stay of proceedings must be indicated in the notice that accompanies or precedes the order. Hence it is, that an order to stay proceedings for any given number of days, is never proper. It should always be limited by the time when the party can make application for the relief he seeks.

In this case, the defendant has already appealed from the order denying his motion for a new trial. The notice which is requisite to give efficacy to an order staying proceedings has already been served. The defendant now seeks to suspend the plaintiff's proceedings until he can be heard upon the appeal. In this he is probably right. But if he is, it cannot be effected by procuring a fresh order to stay proceedings every twenty

days, until the appeal can be argued. He should have obtained an order to show cause why the proceedings should not thus be stayed, upon some day within twenty days, and in the mean time directing that the proceedings be stayed.

The defendant may yet have such an order.